IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| LAURA EBERLIN, | ) |
| Plaintiff, | ) Case No. 4:25-cv-04139-SLD-RHL |
| v. | ) Judge Sara Darrow |
| DEERE & COMPANY and MARA DOWNING, | ) Magistrate Judge Ronald L. Hanna |
| Defendants. | ) |

## STIPULATED PROTECTIVE ORDER

THIS Stipulated Protective Order is made by and among Plaintiff Laura Eberlin, and Defendants, Deere & Company and Mara Downing, collectively ("the parties").

WHEREAS, the parties are in need of discovery in this action in order to prosecute and defend the claims made herein; and

WHEREAS, the parties seek to prevent undue or unwarranted disclosure of confidential personal, commercial, financial, proprietary, copyrighted, trademarked, patented, trade secret and design information and/or materials which may be divulged pursuant to discovery in this action; and

WHEREAS, the parties hereto desire to facilitate discovery and maintain the confidentiality of such information.

NOW, THEREFORE, in consideration of the mutual promises herein and pursuant to the Federal Rules of Civil Procedure, the parties agree as follows:

1.  Any party may designate and visibly mark as "CONFIDENTIAL" any document, material, or information or group of documents, materials, or information which it in good faith

believes contain confidential personal, commercial, financial, proprietary, copyrighted, trademarked, patented, trade secret and/or design information (the "Protected Information"), and produce such Protected Information without waiving any applicable privilege or ground for objection. Such designation constitutes a representation by the party that it has a reasonable basis to believe that the Protected Information so designated is, in fact, confidential information appropriate for protection as confidential and that it is entitled to that protection.

2. The parties shall not disclose Protected Information designated as "CONFIDENTIAL" except in compliance with the provisions herein and as follows:

   a. To the requesting party and the party's attorneys, employees, and staff;

   b. To the officers, directors, and employees of the requesting party (including in-house counsel) to whom disclosure is reasonably necessary for this litigation;

   c. To experts or consultants retained or employed by the requesting party in connection with this action, but only to the extent deemed by their counsel to be necessary for the proper representation of their clients in this action;

   d. To court reporters and their staff, professional jury or trial consultants, mock jurors, and other professional vendors to whom disclosure is reasonably necessary for this litigation;

   e. To witnesses for deposition or trial or in preparation for deposition or trial if counsel has a good faith basis to believe the witness has knowledge of the subject matter of the Protected Information; **such witnesses shall not be sent copies of confidential documents or information, nor may they retain such copies**; and

   f. To the Court and its personnel;

   g. To other persons as may be designated by written stipulation of counsel for the designating party; and

   h. By specific order of the Court.

3. Unless otherwise permitted by this Protective Order, all Protected Information designated as "CONFIDENTIAL": (a) shall **not** be disclosed or used for any purpose other than

for prosecuting, defending, or attempting to settle this litigation; (b) shall **not** be disclosed to or used by any third party, unless there is an order of this Court to the contrary; and (c) shall **not** be filed with the Court, as an exhibit, as part of a deposition transcript, pleading, motion, memorandum, or otherwise, unless such matter is filed under seal in the manner described in paragraph 11 of this Protective Order (and in accordance with any applicable Case Management Order issued by the presiding judge). Public records and other information or documents that are publicly available may not be designated as CONFIDENTIAL.

    **4.**    Any party may designate and visibly mark Protected Information as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" upon making a good faith determination that the documents contain: (1) proprietary or sensitive business or personal information; (2) trade secrets; (3) customer and vendor lists; (4) related customer and vendor information; (5) financial information of any Party, witness, or third party; (6) information otherwise protected from public disclosure in accordance with applicable law. Public records and other information or documents that are publicly available may not be designated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

    5.    The parties shall not disclose Protected Information designated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" except in compliance with the provisions herein and as follows:

    i.    To the requesting party and the party's attorneys, employees, and staff;

    j.    To experts or consultants retained or employed by the requesting party in connection with this action, but only to the extent deemed by their counsel to be necessary for the proper representation of their clients in this action;

    k.    To court reporters and their staff, professional jury or trial consultants, mock jurors, and other professional vendors to whom disclosure is reasonably necessary for this litigation;

  l. To the Court and its personnel;

  m. To other persons as may be designated by written stipulation of counsel for the designating party; and

  n. By specific order of the Court.

  6. Unless otherwise permitted by this Protective Order, all Protected Information designated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY": (a) shall **not** be disclosed or used for any purpose other than for prosecuting, defending, or attempting to settle this litigation; (b) shall **not** be disclosed to or used by any third party, unless there is an order of this Court to the contrary; and (c) shall **not** be filed with the Court, as an exhibit, as part of a deposition transcript, pleading, motion, memorandum, or otherwise, unless such matter is filed under seal in the manner described in paragraph 11 of this Protective Order (and in accordance with any applicable Case Management Order issued by the presiding judge). Public records and other information or documents that are publicly available may not be designated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

  7. Each person given access to Protected Information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" **or information derived therefrom** shall be advised that such material and/or information is being disclosed pursuant and subject to the terms of this Protective Order and may not be disclosed other than pursuant to the terms hereof. In the event any party wishes to disclose any Protected Information, or provide copies of any document(s) or transcript(s), designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" to an outside expert, consultant, or witness as permitted by this Protective Order, the outside expert, consultant, or witness to whom such Protected Information is to be provided shall be required to

sign, prior to receiving the Protected Information, an agreement in the form attached hereto as Exhibit "A," which agreement shall be retained by counsel for the party disclosing the Protected Information.

8. Deposition testimony is protected by this Order only if designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" on the record at the time the testimony is taken. Such designation shall be specific as to the portions that contain Protected Information. Deposition testimony so designated shall be treated as Protected Information protected by this Order until fourteen days after delivery of the transcript by the court reporter to any party or the witness. Within fourteen days after delivery of the transcript, a designating party may serve a Notice of Designation to all parties of record identifying the specific portions of the transcript that are designated Protected Information, and thereafter those portions identified in the Notice of Designation shall be protected under the terms of this Order. The failure to serve a timely Notice of Designation waives any designation of deposition testimony as Protected Information that was made on the record of the deposition, unless otherwise ordered by the Court.

9. In the event a party disputes the designation of material as CONFIDENTIAL, that party will notify opposing counsel, and the parties must attempt to reach a resolution of the issue. If the discussions to resolve the dispute are not successful, then the party opposing the designation may file a motion with the court. The party seeking the CONFIDENTIAL designation will bear the burden of proof to establish the need for the designation.

10. The designating party shall bear the burden and the expense of seeking protection in that court of its Protected Information, and nothing in these provisions should be construed as

authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

11. Pursuant to and consistent with Federal Rules of Evidence 502(d), if Protected Documents or any other document or information subject to a claim of attorney-client privilege, work-product immunity, trade secret protection, or any other relevant privilege or immunity under relevant case law and rules, production of which should not have been made to any party, is inadvertently produced to such party, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product, trade secret protection, or any other ground for withholding production to which any party producing the documents or information would otherwise be entitled. In the event that a party discovers that it has received either attorney-client privilege or work-product documents, it will bring that fact to the attention of the Producing Party immediately upon discovery. Any such inadvertently produced materials shall be returned promptly to the Producing Party upon request and all copies destroyed upon request, and no use thereof shall be made by the party to whom such documents or information were inadvertently produced, except to the extent necessary to present the issues concerning privilege to the Court.

12. Failure to denominate documents or information as "CONFIDENTIAL" or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY in the foregoing manner shall not constitute a waiver by any party of the right to designate the document or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" if the failure is inadvertent. Counsel, upon notification of the designation, must make timely reasonable efforts to assure the material is treated in accordance with the provisions of this Protective Order.

13. Protected Information shall **not** be filed as a matter of course with the Court, **but only** when necessary for consideration by the Court or trier of fact and deemed by counsel to be necessary for the proper presentation of a pending motion, claim, or defense. Counsel intending to publicly file materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" in court filings must give seven (7) days' notice to opposing counsel who designated the materials as such to allow sufficient time for filing a motion to file under seal pursuant to Local Rule 5.10. Nothing in this Protective Order shall restrict the use of any Protected Information at any hearing or the trial of this cause; provided that any party reserves the right to request that the Court utilize appropriate procedures for the protection of Protected Information to prevent public disclosure of Protected Information.

14. In the event any third party seeks discovery of the Protected Information designated as "CONFIDENTIAL" or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY under this Protective Order from a party hereto (or from an expert or consultant employed by such party), the party from whom the discovery is sought shall give prompt notice to the designating parties by notifying the parties' counsel in writing in order that the party may have an opportunity to intervene in opposition to such discovery.

15. The terms of this Protective Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions prohibits a Non-Party from seeking additional protections.

16. Upon the decision in this action becoming final, the action being settled, or, should a final decision be appealed by any party to this action, upon the completion of all appeals herein,

all Protected Information designated as "CONFIDENTIAL" or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, including all copies, abstracts, compilations, summaries, memorandums, pleadings, court documents, or transcripts reproducing or capturing any of the Protected Information, shall be, at the election of the producing party, either returned to the party producing such Protected Information at the producing party's expense or destroyed. If the producing party elects to have the receiving party destroy the Protected Information, the receiving party and its counsel shall certify in writing that all Protected Information has been destroyed.

17. Counsel for each party obtaining Protected Information shall maintain and retain all agreements in the form of Exhibit "A" hereto and, for good cause shown, such counsel shall be required to produce such agreements to any other party in the event a reasonable basis exists for the belief that this Protective Order has been violated.

18. Within sixty (60) days after the conclusion of this litigation, counsel for each party shall, at the written request of any other party, provide the requesting party's counsel with a list of all persons who received Protected Information designated as "CONFIDENTIAL" or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY during the course of this litigation.

19. In the event anyone shall breach or violate, or threaten to breach or violate, any terms of this Protective Order, the designating party may immediately apply to obtain injunctive relief against any such person breaching or violating, or threatening to breach or violate, the terms of this Protective Order. In the event the designating party makes such an application for injunctive relief, the respondent person subject to the provisions of this Protective Order shall not be able to employ as a defense that there is an adequate remedy at law. Any breach or violation of this Protective Order shall subject the responsible person or party to sanctions by the Court. This

Protective Order shall not be construed as an exclusive remedy or as a waiver of the designating party's right to seek further redress for a breach of this Protective Order.

20. This Protective Order shall not be construed:

   a. to broaden the permissible scope of discovery in this action;

   b. as a waiver of any party's right to object to the furnishing of discovery;

   c. as an admission by any party that any particular material contains or reflects trade secrets, proprietary or commercial information, or other confidential matter; or

   d. to prejudice any party's right to apply to the Court for a Protective Order.

21. Each of the firms and parties named above undertakes to abide by and be bound by the provisions of this Protective Order and to use due care to see that its provisions are known and adhered to by those under its supervision or control.

SO ORDERED.

Entered November 12, 2025

_____
Ronald L. Hanna
United States Magistrate Judge

| | |
|---|---|
| WE SO MOVE<br>and agree to abide by the<br>terms of this Order | WE SO MOVE<br>and agree to abide by the<br>terms of this Order |
| FOR THE PLAINTIFF | FOR THE DEFENDANTS |
| /s/ Dorothy A. O'Brien<br>Dorothy A. O'Brien<br>O'Brien & Marquard, PLC<br>2322 East Kimberly Road, Suite 140S<br>Davenport, IA 52807 | /s/ Jennifer Kay<br>Jennifer H. Kay<br>Ogletree Deakins, Nash,<br>Smoak & Stewart, P.C.<br>155 N. Wacker Dr., Ste. 4300 |

Tel.: (563) 355-6060  
*dao@emprights.com*

Chicago, IL 60606  
Tel.: (312) 558-1220  
*jennifer.kay@ogletree.com*

4:25-cv-04139-SLD-RLH    # 16    Filed: 11/13/25    Page 10 of 11

# EXHIBIT "A"

NAME

ADDRESS

POSITION

     I understand that confidential documents and/or information are being provided and disclosed to me solely for purposes related to *Laura Eberlin v. Deere & Company and Mara Downing* Case No. 4:25-cv-04139, pending in the Central District of Illinois. I have been advised that such confidential documents and the information contained therein may **not** be disclosed or used for any purpose whatsoever other than in connection with my acting as an expert, consultant, or witness in this case.

     I acknowledge receipt of a copy of the Protective Order between the parties in the above-referenced case and I agree to its terms. I have been advised that any unauthorized use or disclosure of such Protected Information may subject me to sanctions by the Court and I submit myself to the jurisdiction of the above-referenced Court with regard to any dispute regarding my use or disclosure of such Protected Information. I will return all Protected Information that comes into my possession to the counsel who provided it to me at the conclusion of this litigation.

Signature:_____

Printed Name:_____

Dated:_____